Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4432 | DATE | 4/25/2001 |
| CASE TITLE | Larry Davis vs. City Chicago & Donald Suriano | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The motion to dismiss Counts I and II brought by City of Chicago is [27-1] granted. The motion to dismiss brought by Judge Suriano is [13-1] granted. This case is terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 3 0 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | 15 | 31 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| TSA | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 00 C 4432 |
| v. | ) | |
| | ) | Judge Wayne R. Andersen |
| CITY CHICAGO & DONALD | ) | |
| SURIANO, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
APR 3 0 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Larry Davis, pro se, has filed a three-count civil rights action seeking damages pursuant to 42 U.S.C. § 1983. Defendant City of Chicago moves to dismiss the first two counts pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant Judge Donald Suriano moves to dismiss the third count pursuant to 12(b)(6) and 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, we grant the motions to dismiss.

### BACKGROUND

The following facts are taken from Davis' Complaint and are presumed to be true for purposes of this motion. Davis' complaint lacks a clear narrative of the events. Therefore, we have reconstructed the events as best we could from the face of his complaint. On August 18, 1998, plaintiff was inside a branch of the Chicago Public Library located at 9525 South Halsted Avenue. Before leaving the building, security guards at the library inspected a closed bag that plaintiff was carrying. Library personnel also ordered plaintiff to remove a black beret from his head. Plaintiff then called the Security Chief, Alex Alexander, and other people at the library "honorary jackasses". Plaintiff's allegations fail to detail any detention by Library security personnel, but he was

31

subsequently arrested by officers of the Chicago Police Department. On August 19, 1998, the next day, plaintiff was released. On January 7, 1999, Judge Donald Suriano, of the Circuit Court of Cook County, allegedly ordered plaintiff incarcerated in the Cook County jail for having "criticized City of Chicago". Plaintiff remained in jail until February 16, 1999. On May 28, 1999, Judge Mark Ballard dismissed the case against Plaintiff. In his complaint, Plaintiff provides no more detail to clarify the events that transpired between the dates listed above.

On July 21, 2000, Plaintiff filed the instant three-Count Complaint. In Count I, the Plaintiff alleges that the City allows the Chicago Public Library to "implement a policy statement, usage, custom as force of law," which led to a violation of plaintiff's First Amendment rights, held plaintiff in custody in violation of § 1983 and also violated the Fourteenth Amendment. In Count II, the Plaintiff alleges that the City of Chicago violates § 1983 by failing to enact ordinances to restrain the Chicago public library from violating the Fourth and Fourteenth Amendment rights of its patrons. In Count III, brought against defendant Judge Donald Suriano, Davis alleges that Judge Suriano violated his rights pursuant to 1983 when he allegedly incarcerated plaintiff "solely as a favor for City of Chicago".

## DISCUSSION

Plaintiff appears pro se. The "allegations of the pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers." Hassain v. City of Chicago, 1999 WL 89612, *4 (N.D. Ill. 1999). "However, this does not mean that we will fill in all of the blanks in a pro se complaint." Hamlin v. Vaudenberg, 95 F.3d 580 (7th Cir. 1996). A pro se plaintiff cannot rely on mere conclusory pleadings. Hassain, 1999 WL 89612 at *4.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests whether the plaintiff has stated a claim, not whether the plaintiff will prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236

2

(1974). The well-pleaded allegations of the Plaintiff are taken as true and are viewed in the light most favorable to the Plaintiff. Balabanos v. North American Inv. Group, Ltd., 708 F. Supp. 1488, 1491 n.1 (N.D. Ill. 1988). The plaintiff's complaint must provide the defendant "fair notice" of the claim and "the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957); Jackson v. Marion County, 66 F.3d 151, 152 (7th Cir.1995); Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir.1994). The court may not consider evidentiary materials beyond the face of the pleadings. Fleischfresser v. Directors of School Dist. 200, 15 F.3d 680, 684 (7th Cir. 1994). A motion to dismiss should not be granted unless it "appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley, 355 U.S. at 45-46.

I. Municipality Liability

In order to hold a municipality liable under § 1983, plaintiff must allege that his injury was caused by an official policy, custom, or practice. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). A policy, custom, or practice can take the form of: (1) an ordinance or written directive; (2) a persistent custom that rises to the level of a de facto policy; or (3) an action taken by an official policymaker. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir.1995).

A single act is not enough to constitute a § 1983 violation. The usual way plaintiffs show a custom is to show a series of bad acts and invite the court to infer from them that the policymaking level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned the actions. Moore v. County of Cook, 1997 WL 695732 (N.D. Ill. 1997). When a plaintiff wishes to assert a cause of action under § 1983, "there must be sufficient facts pleaded to allow the court and the defendants to understand the gravamen of the plaintiff's complaint." Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir. 1996).

3

The Supreme Court, in Leatherman, rejected attempts to impose a heightened pleading standard for §1983 claims and held that notice pleading under Fed. R. Civ. P. 8 is sufficient. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Although Fed. R. Civ. P. 8 does not require detailed factual pleading, a plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's alleged injury. "Boilerplate allegations of a municipality policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient . . . The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts." McTigue v. City of Chicago, 60 F.3d at 382, quoting Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 736 (7th Cir.1994).

McTigue was an employee of the City. He appealed his firing to the City's Personnel Board, which denied his claim. McTigue, 60 F.3d at 382. McTigue then sued the City under § 1983, alleging, "pursuant to a policy, practice and well established custom of the City of Chicago and its Personnel Board, the Personnel Board and its Hearing Officers have been biased and partial against the employees and in favor of the City." Id. The court held that the district court properly dismissed the complaint because "it fails to include a factual basis to describe with any particularity the bias that the plaintiff alleges," and it did not "direct the defendant to the factual cause of the plaintiff's alleged injury." Id. The court then observed that the facts, which McTigue did manage to plead, were insufficient, as "nowhere is it alleged with any particularity how these statistics reflect an improper City policy." Id. at 383.

Plaintiff contends that he sufficiently pleads a § 1983 policy and custom in his Complaint when he stated that the City allows the Chicago Public Library to "implement a policy statement, usage, custom as force of law", which led to a violation of Plaintiff's First Amendment rights, held

4

plaintiff in custody and violated the Fourteenth Amendment. Plaintiff's complaint is very similar to McTigue's complaint. The allegations regarding his individual incident are the only allegations upon which he bases his conclusion of an unconstitutional City policy. Like McTigue, plaintiff fails to state the types of "policies, customs, or usages" which he generally alleges exist. McTigue, in his dismissed Complaint, alleged more factual information than Davis. McTigue's Complaint suggested several incidents of unconstitutional conduct beyond his individual experience.

There is no allegation in the record that the City of Chicago had a policy that led to a violation of plaintiff's rights. Nor are there allegations that there was a widespread practice or pervasive pattern of such conduct. In addition, plaintiff has not alleged that any individual with final policymaking authority was responsible for the decision to implement such a policy so as to subject the City to § 1983 liability.

Plaintiff's allegations are boilerplate. They fail to direct the defendants to any specific facts whatsoever which would indicate a policy or custom. We have not imposed a fact-pleading requirement on plaintiff, he can plead conclusions, but those "conclusions must provide the defendant with at least minimal notice of the claim." Jackson v. Marion County, 66 F.3d 151, (7th Cir.1995); see also Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir.1996).

If a § 1983 violation is merely based on an isolated incident or isolated incidents, the allegations are not sufficient to demonstrate a direct causal link between the municipal action and the deprivation of federal rights. Gustafson v. Jones, 117 F.3d 1015, 1022 (7th Cir. 1997).

Plaintiff has failed to allege an improper city policy or custom with particularity. The plaintiff's conclusory allegations completely lack factual allegations to support the idea that this conduct was more than a single isolated instance. Thus, Plaintiff's allegations fail to satisfy the

5

minimal notice pleading requirements of Fed. R. Civ. P. 8. The City of Chicago's motion to dismiss Counts I and II pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

II. Judicial Immunity

Defendant Suriano's relies on judicial immunity in his motion to dismiss. Plaintiff seeks damages from Judge Suriano for a decision made by him in his official capacity as a judge. Judges are absolutely immune from suit for money damages. Mireles v. Waco, 502 U.S. 9, 10 (1991). Judicial immunity is immunity from suit, not just from assessment of damages. Id. Immunity is overcome in two instances: (1) a judge is not immune for non-judicial actions, and (2) a judge is not immune for judicial actions taken in the absence of all jurisdiction. Id. (citing Forrester v. White, 484 U.S. 219, 226-27 (1998)). To determine whether a judge's act is "judicial", the court looks at "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e. whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 11 (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)). Plaintiff's complaint claims that the judge's decision against him was improper. A judge's decision in a case before him or her is considered a judicial action. Wilson v. Hart, 47 F. Supp. 2d 966, 969 (N.D. Ill. 1999). Judge Suriano's action was judicial and therefore, his judicial immunity can not be overcome.

Furthermore, Judge Suriano's actions during this case were within the jurisdiction of the Circuit Court of Cook County, Illinois. The Illinois Constitution provides that "the circuit courts shall have original jurisdiction of all justiciable matters." ILL. CONST., art. V § 9.

Plaintiff alleges the judge's actions were malicious. However, "[i]mmunity totally insulates judges from liability for actions taken within their judicial capacity, even if the judge acts maliciously or corruptly." Dellenbach v. Letsinger, 889 F.2d 755, 757, 758 (1989). Because plaintiff has not shown that the judge's actions were either non-judicial or occurred in the absence

of jurisdiction, we find that judicial immunity bars plaintiff's claim. Therefore, we grant Judge Suriano's Motion to Dismiss Count III.

## CONCLUSION

The motion to dismiss Counts I and II brought by City of Chicago is granted. The motion to dismiss brought by Judge Suriano is granted. This case is terminated.

Wayne R. Andersen
United States District Judge

Dated: April 25, 2001